**Bashir Hashi KADIYE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71669.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, M. Jocelyn Wright, Esq., Larry P. Cote, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT and RAWLINSON, Circuit Judges, and WILKEN,** District Judge.

MEMORANDUM ***

I.

Bashir Hashi Kadiye, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection from removal under Article III of the United Nations Convention Against Torture ("CAT").[1] The IJ denied Kadiye's request for asylum on the basis of an adverse credibility finding. The BIA, in a de novo opinion, expressly declined to address Kadiye's credibility and instead concluded that Kadiye had failed to establish past persecution or a well-founded fear of future persecution because he did not present "sufficient detail so as to provide a plausible and coherent account of the events underlying his claim." We grant the petition for review and remand to the BIA to consider the question of Kadiye's credibility.

II.

We have jurisdiction to review a final removal order of the BIA pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA reviews the IJ's opinion de novo, this court reviews the BIA's decision, and those portions of the IJ's decision expressly adopted by the BIA. *Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005). We review for substantial evidence. *Quan v. Gonzales,* 428 F.3d 883, 885 (9th Cir.2005).

III.

■ Substantial evidence does not support the BIA's determination that Kadiye failed to meet his burden of establishing past persecution or a well-founded fear of persecution. The BIA based its conclusion on three factors: (1) Kadiye's testimony "concerning the attack on his home was generalized and lacking in detail," (2) his testimony about his travels after he left Mogadishu "lacked detail," and (3) Kadiye provided "no information" about the woman who escorted him to Mexico. None of these conclusions is supported by substantial evidence nor does any constitute a sufficient reason to deny Kadiye's asylum claim.

As to the first factor, Kadiye described in detail the January 1991 shooting attack

** The Honorable Claudia Wilken, United States, District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We agree with the government that Kadiye has waived his CAT claim because he failed to address it in his brief before this court. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (internal citation omitted) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived."). Moreover, Kadiye did not file a reply brief responding to the government's argument regarding waiver, nor is there evidence that failure to review his CAT claim "would result in manifest injustice," or that "the failure to raise the issue properly did not prejudice the defense of the opposing party." *Alcaraz v. INS,* 384 F.3d 1150, 1161 (9th Cir.2004) (citation and internal quotation marks omitted).

on his home and family by approximately twelve members of the *Hawiye* clan,[2] and neither the government's counsel nor the IJ asked Kadiye to describe the attack more specifically.[3] As to his travels, Kadiye testified that his family left for Marka the day after the attack and he described the Kenyan refugee camps; again, he was not asked for additional detail on this point. Finally, Kadiye described his travels with the Kenyan-born Somali woman who escorted him to Mexico. Once more, Kadiye was not asked to provide more specific testimony about the woman. In each instance, Kadiye provided specific facts and was not questioned further. Accordingly, the BIA's denial of Kadiye's asylum claim on the basis of his purported failure to provide "sufficient detail" is not supported by substantial evidence.[4]

■ We conclude that Kadiye's testimony as to the 1991 attack, along with the country report and witness Hashi's testimony, compel the conclusion that Kadiye has shown sufficient evidence of past persecution and, more important, of a well-founded fear of future persecution. However, because the IJ made an adverse credibility finding, and the BIA expressly declined to reach the merits of the finding,[5] we are required by *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to give the BIA the first opportunity to consider Kadiye's credibility.[6]

Accordingly, we hold that Kadiye is eligible for asylum, if his testimony is credible.[7] We therefore GRANT the petition and REMAND to the BIA for a determination as to Kadiye's credibility, as well as a ruling on his withholding claim.

2. The 2000 country report identifies the *Hawiye* as one of the four dominant clans in Somalia and the *Madhiban*, Kadiye's clan, as a minority "outcaste group." 2000 Bureau of Democracy, Human Rights and Labor, U.S. Dep't of State, *Somalia: Profile of Asylum and Country Conditions, reprinted in* Administrative Record (AR) at 163.

3. The only exception is that Kadiye testified that his father was "out of the house" at the time of the attack, but could not remember his father's precise whereabouts. However, his father's location is a minor detail that "is ancillary to the heart of [Kadiye's] claim of persecution," *Kaur v. Ashcroft*, 379 F.3d 876, 889 (9th Cir.2004) (citation omitted), and is irrelevant to whether the 1991 incident demonstrates past persecution or a well-founded fear of future persecution.

4. Indeed, the purportedly omitted details are irrelevant to the question whether Kadiye established past persecution or had a well-founded fear of persecution.

5. We note that the BIA's decision in this case pre-dated *Salaam v. INS*, wherein we cautioned that "the BIA should clearly address the issue of credibility whenever the IJ makes a finding that an applicant is not credible." 229 F.3d 1234, 1238 (9th Cir.2000) (citation omitted); *see also Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000) ("[W]e strongly encourage the BIA to discuss ... rather than ignore, the IJ's credibility findings in an asylum case."). As we observed in *Cordon–Garcia*, "The piecemeal direction in which this case is headed is not a meritorious goal, nor an ideal method of resolution." 204 F.3d at 993.

6. While we must remand the question of credibility to the BIA, we observe that the IJ's reasons for finding Kadiye not credible appear to be entirely without merit.

7. Because we decide the case on this ground, we need not reach Kadiye's claim that his right to due process was violated by incompetent translation of his immigration proceedings. It appears to us, however, that the IJ's adverse credibility finding was, in part, "attributable to the incompetent translation." *See Perez–Lastor v. INS*, 208 F.3d 773, 781 (9th Cir.2000).